Andrew S. Jacob (SBN: 022516)
**GORDON & REES LLP**
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003
Telephone: (602) 794-2495
Facsimile: (602) 265-4716
ajacob@gordonrees.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Pierce;<br><br>　　　　　*Plaintiff,*<br><br>　vs.<br><br>Douglas A. Ducey, *et al.,*<br><br>　　　　　*Defendants.* | CASE No. CV-16-01538-PHX-NVW<br><br>**PLAINTIFF'S RESPONSE TO:**<br>**AMICUS BRIEF OF THE ARIZONA**<br>**EDUCATION ASSOCIATION,**<br>**ARIZONA SCHOOL BOARDS**<br>**ASSOCIATION, AND ARIZONA**<br>**ASSOCIATION OF SCHOOL**<br>**BUSINESS OFFICIALS**<br>**[DOC. 92]** |

The *amici curiae* raise jurisdictional issues in their brief that were not raised by Governor Ducey. Mr. Pierce responds to these issues because jurisdiction cannot be waived.

### I.   Nature of Injunctive Relief

Mr. Pierce seeks to enjoin implementation of Proposition 123. He agrees with *amici curiae*, however, that the proper remedy is to enjoin implementation of any distribution formula other than one that has been consented to by Congress, which at this time is the formula set out in the 1999 amendments to the Enabling Act ("the 1999 distribution formula"). Ripeness and mootness are evaluated below in that context.

### II.   The Claim Was Ripe When Filed in May 2016.

"Ripeness … is measured at the time an action is instituted…." *Malama Makua v. Rumsfeld*, 136 F. Supp. 2d 1155, 1161 (D. Hawaii 2001). This controversy was ripe when filed in May 2016 because the $260 million initial lump-sum authorized by Proposition 123, which was to be distributed in June 2016, was not allowed by the 1999 distribution

1 formula. The Court, therefore, should find that this is a ripe controversy because it was
2 ripe when filed. Moreover, as explained below, the *amici curiae's* concern is more one of
3 mootness.

### III. The Claim is Not Moot.

"A case becomes moot when there no longer exists a present controversy as to which **effective relief** can be granted." *United States v. Able Time, Inc.*, 545 F.3d 824, 828 (9th Cir. 2008) (internal quotation marks omitted, emphasis added). The focus of the mootness inquiry, in other words, is on the effectiveness of relief, not the timing of the action. This case is live (not moot) because, as shown below, the injunction will have a substantial effect on distributions from the School Trust Fund distributions.

Mr. Pierce agrees with the *amici curiae* that the 1999 distribution formula calculates the distribution percentage as an average of yields less an average of inflation rates. (Doc. 92 at 5:17 to 6:5.) In contrast, Proposition 123 sets a fixed 6.9% distribution rate. Mr. Pierce also agrees that relief would be ineffective (and, thus, this controversy would be moot) if Proposition 123 and the 1999 distribution formula **always** yielded the same distribution rate. But, he does not agree that relief would be ineffective merely because, due to recent trends in stock market yields, the two just happen to yield the same distribution rate this fiscal year. *Amici curiae* cite no authority for that absurd proposition.[1]

Over the past twenty years, the average annual yield on an investment portfolio with a 60/40 mix of stocks and bonds (the investment mix of the School Trust Fund portfolio) has been about seven percent per year. *See* A. Jacob, *Second Declaration*, ¶ 3 (filed concurrently). Over the same time period, the average inflation rate (as measured by

---

[1] *Amici curiae's* argument makes no more sense than an argument that a controversy over a leaking roof is moot on days that it is not raining. Even if it might not rain for months, that controversy would not be moot as long as the roof would leak when it does rain. The controversy here is live because at some foreseeable time Proposition 123 will permit a greater distribution than would be permitted by the 1999 distribution formula.

**Gordon & Rees LLP**
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003

changes in the consumer price index) has been about two percent per year. *See id.* at ¶ 4. If those trends continue, we should expect that the 1999 distribution formula, on average, will give a distribution rate of about 5.0% -- significantly less than the 6.9% set by Proposition 123. Thus, the two formulas will eventually yield substantially different distribution rates. Consequently, an order enjoining use of Proposition 123 would be effective relief and, on that basis, this controversy is not moot.

## IV.   Comment on Hardship

The analysis provided by the *amici curiae* shows that the distributions for fiscal year 2016-2017 will actually be somewhat greater if the 1999 distribution formula (and not Proposition 123) were used. (Doc. 92 at 6:6 to 6:11.) It also shows that this will likely continue in fiscal year 2017-2018. (Doc. 92:6:18 to 6:20.) Thus, the injunction will not impact school funding in the near timeframe. This gives the Governor ample time to obtain Congressional consent.[2]

RESPECTFULLY SUBMITTED this 17th day of March, 2017.

    GORDON & REES LLP

By:   *s/ Andrew S. Jacob*
      Andrew S. Jacob
      111 W. Monroe St., Suite 1600
      Phoenix, AZ  85003
      *Attorneys for Plaintiffs*

---

[2] Although not relevant to the issues discussed in this Response, Mr. Pierce corrects the record where the *amici curiae* misstated the effect of the 1957 amendments to the Enabling Act. Although these amendments eliminated the seventh paragraph of Section 28, they did not (as stated by the *amici curiae*) leave the Enabling Act saying "nothing about distributions" from the School Trust Fund. (Doc. 92 at 3:7 to 3:10.) The seventh paragraph of Section 28 merely required keeping the state funds in separate accounts and limited investment options for the funds to "safe, interest-bearing securities." (Doc. 77-1 at 27.) It did not address distributions. Rather, that was addressed in Section 27 of the Enabling Act, which stated: "the interest of [the School Trust Fund] only shall be expended for the support of the common schools within the State." (Doc. 77-1 at 26.)

**CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2017, I electronically lodged the foregoing *Application for Preliminary Injunction* with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Dominic E. Draye
Keith J. Miller
Joseph LaRue
Arizona Attorney General Office
Dominic.Draye@azag.gov
Keith.Miller@azag.gov
Joseph.LaRue@azag.gov
*Attorneys for the State of Arizona*

Timothy Berg
Theresa Dwyer
Kevin M. Green
FENNEMORE CRAIG, P.C.
tberg@fclaw.com
tdwyer@fclaw.com
kgreen@fclaw.com

Michael T. Liburdi
Kathryn Hackett King
Office of Governor Douglas A. Ducey
mliburdi@az.gov
kking@az.gov
*Attorneys for Defendant Governor Douglas A. Ducey*

*s/ Angelina Chavez*

4