1

2

3

4

5

6

OFFICE OF THE GOVERNOR
Michael T. Liburdi (No. 021894)
1700 W. Washington St.
Phoenix, AZ  85007
Telephone:  (602) 542-4331
Email:  mliburdi@az.gov

*Attorneys for Defendant
Governor Douglas A. Ducey*

FENNEMORE CRAIG, P.C.
Timothy Berg (No. 004170)
Theresa Dwyer (No. 010246)
2394 East Camelback Road, Suite 600
Phoenix, AZ  85016-3429
Telephone:  (602) 916-5000
Email: tberg@fclaw.com
Email: tdwyer@fclaw.com

*Attorneys for Defendant
Governor Douglas A. Ducey*

7

8

9

10

11

12

GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson (*admitted PHV*)
Matthew D. McGill (*admitted PHV*)
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5306
Telephone:  (202) 887-3680
Email: tolson@gibsondunn.com
Email: mmcgill@gibsondunn.com

*Attorneys for Defendant
Governor Douglas A. Ducey*

13

14

15

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

16

17

18

19

20

21

22

23

Michael Pierce,

Plaintiff,

v.

Douglas A. Ducey, in his capacity as
Governor of the State of Arizona, and the
State of Arizona,

Defendants.

No.  2:16-cv-01538-PHX-NVW

**GOVERNOR DUCEY'S
RESPONSE TO PLAINTIFF'S
NOTICE OF SUPPLEMENTAL
AUTHORITY**

24

25

26

27

28

1    The United States Supreme Court has said "time and time again that an injury in

2  fact must be both concrete and particularized" to satisfy Article III of the Constitution.

3  Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1548 (2016).  Plaintiff's supplemental authority,

4  Robins v. Spokeo, Inc., No. 11-56843, 2017 WL 3480695 (9th Cir. Aug. 15, 2017),

5  cannot and does not alter that requirement.  Doc. 105.  To be particularized within the

6  meaning of Article III, the alleged injury must affect the plaintiff in a personal and

7  individual way.  Spokeo, 136 S. Ct. at 1548.  To be concrete, the injury must be real

8  rather than abstract—that is, it must actually exist.  Id.  Plaintiff has already stipulated

9  that he "has not personally suffered and will not suffer any separate, individualized

10  injury (financial or otherwise)"; rather, his "injury" rests solely on his personal belief

11  that Proposition 123 is illegal and may reduce the Land Trust Fund for future

12  generations.  Doc. 70.  This mere "concern for obedience to law" falls far short of Article

13  III's irreducible requirements.  FEC v. Akins, 524 U.S. 11, 24 (1998).

14    Plaintiff does not argue that he has alleged a concrete injury even under Robins'

15  formulation, and for good reason.  Doc. 105.  He has already conceded that the

16  "violations alleged in this case do not actually harm, or present a material risk of harm to

17  [his] interests," id., but only affect the interests of unidentified "generations" at some

18  time in the "future."  Doc. 70.  This abstract concern is not at all like Robins, where the

19  plaintiff had sued to protect his interest in preventing the false publication of his personal

20  information, which could hurt his employment opportunities.  2017 WL 3480695, at

21  *4−7.

22

23

24

25

26

27

28

1    RESPECTFULLY SUBMITTED this 30th day of August, 2017.

2                                           FENNEMORE CRAIG, P.C.

3

4                                           By *s/ Timothy Berg*
                                               Timothy Berg
5                                              Theresa Dwyer

6

7                                           OFFICE OF GOVERNOR DOUGLAS A.
                                            DUCEY

8                                               Michael T. Liburdi

9

10                                          GIBSON, DUNN & CRUTCHER LLP

11                                              Theodore B. Olson
                                                Matthew D. McGill
12
                                            *Attorneys for Defendant*
13                                          *Governor Douglas A. Ducey*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on August 30, 2017, I electronically transmitted the attached

3   document to the Clerk's Office using the ECF System for filing and transmittal of a

4   Notice of Electronic Filing to the following ECF registrants:

5

6   Andrew S. Jacob                          Michael T. Liburdi
    Leon B. Silver                           OFFICE OF THE GOVERNOR
7   GORDON & REES LLP                        1700 W. Washington St.
    111 W Monroe St., Ste. 1600              Phoenix, AZ 85007
8   Phoenix, AZ 85003-1736                   mliburdi@az.gov
    AJacob@gordonrees.com                    kking@az.gov
9   Attorneys for Plaintiff                  Attorneys for Defendant Governor Douglas
                                             A. Ducey
10

11  Theodore B. Olson                        Dominic E. Draye
    Matthew D. McGill                        Keith J. Miller
12  Gibson, Dunn & Crutcher, LLP             Joseph E. La Rue
    1050 Connecticut Avenue, N.W.            ARIZONA ATTORNEY GENERAL'S
13  Washington, DC  20036-5306               OFFICE
    mmcgill@gibsondunn.com                   1275 W. Washington St.
14  Attorneys for Defendant Governor Douglas Phoenix, Arizona 85007-2997
    A. Ducey                                 Dominic.Draye@azag.gov
15                                           Keith.Miller@azag.gov
                                             Joseph.LaRue@azag.gov
16                                           SolicitorGeneral@azag.gov
                                             Attorneys for Defendant State of Arizona
17

18

19
                                    _Colleen A. Loos_
20                                  An employee of Fennemore Craig, P.C.

21  13194420.1

22

23

24

25

26

27

28