Andrew S. Jacob (SBN: 022516)
**GORDON REES SCULLY MANSUKHANI, LLP**
2 N. Central Avenue, Suite 2200
Phoenix, AZ 85004
Telephone: (602) 794-2495
Facsimile: (602) 265-4716
ajacob@grsm.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Pierce; | ) CASE No. CV-16-01538-PHX-NVW |
| *Plaintiff,* | ) **PLAINTIFF'S APPLICATION FOR** |
| vs. | ) **AWARD OF TAXABLE AND NON-** |
| | ) **TAXABLE COSTS AND** |
| Douglas A. Ducey, *et al.,* | ) **REASONABLE ATTORNEY'S FEES** |
| *Defendants.* | ) |

Plaintiff Michael Pierce moves, pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, for an order awarding him costs and reasonable attorney's fees as prevailing party and on the basis that he obtained a judgment that confers a substantial benefit on the citizens of Arizona.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I. Plaintiff is the prevailing party.**

"[A] party must have a judgment or something similar formally delivered in its favor to be considered 'prevailing.'" *Carbonell v. INS*, 429 F.3d 894, 900 (9th Cir. 2005). "If the defendant, under pressure of the lawsuit, alters his conduct . . . towards the plaintiff that was the basis for the suit, the plaintiff will have prevailed." *Hewitt v. Helms*, 482 U.S. 755, 761 (1987).

Mr. Pierce sought "a permanent injunction enjoining the State of Arizona from implementing the Proposition 123 changes to … its Constitution unless Congress amends the Enabling Act to authorize or consent to such changes." (Doc. 42, at 7.) Before the Court could grant such relief, Congress – at the request of Governor Ducey – amended the

1

Arizona Statehood and Enabling Act to provide such consent. (Doc. 112.) Nonetheless, on September 30, 2019, the Court entered a declaratory judgment adopting Mr. Pierce's position on the merits because the conduct at issue – changing the formula for distribution from the School Trust Fund without Congressional authorization – is likely to recur. (*See* Doc. 138 at 13:7 to 13:17.) *See also Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998) ( "Claims for injunctive relief become moot when the challenged activity ceases [only] if subsequent events have made it clear that the alleged violations could not reasonably be expected to recur.") The declaratory judgment stated:

> that the Arizona Statehood and Enabling Act Amendments of 1999, Pub.L. No. 106- 133, 113 Stat. 1682 (1999), do not repeal or impair the Enabling Act requirement of congressional consent to any changes to the Arizona State Constitution that affect the investment or distribution of the assets in the School Land Trust fund established by the Arizona Statehood and Enabling Act until and unless Congress provides consent to such changes, by way of amendment to the Arizona Statehood and Enabling Act or otherwise.

(Doc. 139.)

Entry of this declaratory judgment satisfies the criteria stated in *Carbonell* and *Hewitt* and, therefore, establishes that Mr. Pierce is the prevailing party in this litigation.

## II. The Court should award Mr. Pierce reasonable attorney's fees.

As prevailing party, the Court should award Mr. Pierce reasonable attorney's fees totaling $45,045.00. This request is supported by both state and federal law.

### A. Arizona law

Arizona law allows a court to award attorney's fees against a state official in favor of a litigant who, in bringing the action, conferred a substantial benefit on the citizens of Arizona by "vindicating an important public policy" – what has been called "private attorney general doctrine." *See Arnold v. Dept. of Health Services*, 160 Ariz. 593, 609, 775 P. 2d 521, 537 (1989); *see also id.* ("Given the eroded status of the 'American Rule' and the benefit to Arizona citizens from public interest litigation, we adopt and apply the private attorney general doctrine here.")

Two years prior to *Arnold*, the Arizona Supreme Court considered awarding fees in a matter wherein the plaintiff enforced another land trust provision of the Statehood and Enabling Act, on the basis that by vindicating rights under the Act, Kadish "conferred a substantial benefit on the citizens of Arizona." *Kadish v. Arizona State Land Department*, 155 Ariz. 484, 497-98, 747 P.2d 1183, 1196-97 (1987). Although the Court acknowledged the theory of private attorney general fee awards, it neither rejected the theory nor explained why it was not applied in that case. *Id.* at 498. But, in a subsequent decision in the same matter, the Court of Appeals awarded attorney's fees to Kadish based on such doctrine. *Kadish v. Arizona State Land Department*, 177 Ariz. 322, 334, 868 P.2d 335, 347 (App. 1987).

Thereafter, Arizona courts have consistently awarded attorney's fees against the State of Arizona or the Governor pursuant to private attorney general doctrine in matters where the plaintiff conferred a substantial benefit to the citizens of Arizona. *See, e.g.*, *Dobson v. State*, 233 Ariz. 119, 124, ¶¶ 18-20, 309 P.3d 1289, 1294 529 (2013) (awarding fees against State after finding that H.B. 2600, concerning appointments to Commission on Appellate Court Appointments, was unconstitutional); *Defenders of Wildlife v. Hull*, 199 Ariz. 411, 428, ¶¶ 65-66, 18 P.3d 722, 739 (App. 2001) (awarding fees against Governor Hull after finding that S.B. 1126, disclaiming state interest in certain river bed lands, was unconstitutional).

Mr. Pierce enforced a section of the Arizona Statehood and Enabling Act, which provided that Congress take responsibility for authorizing any changes made to the Arizona Constitution that affect the investment or of distributions of assets in the School Trust Fund. In so doing, he vindicated an important public interest because the judgment obtained limits the discretion of the State to again take excess funds from the School Trust Fund, which could adversely impact future generations, and it settles the question of "the legality of the Governor's behavior." (Doc. 138 at 11:26 to 11:28.) Mr. Pierce, therefore, conferred a substantial benefit on the citizens of Arizona. On that basis, Plaintiff asks the

Court to exercise its discretion to award him reasonable attorney's fees for the legal services provided by undersigned counsel.

### B. Federal law

Federal law also allows a court to award attorney's fees against a state official "in cases in which the plaintiff's successful litigation confers 'a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them.'" *Hall v. Cole*, 412 U.S. 1,5 (1973) (*quoting Mills v. Electric Auto-Lite Co.*, 396 U. S. 375, 393-94 (1970); *accord Wininger v. SI Management LP*, 301 F. 3d 1115, 1120 (9th Cir. 2002). "'Fee shifting' is justified in these cases, not because of any 'bad faith' of the defendant but, rather, because '[t]o allow the others to obtain full benefit from the plaintiff's efforts without contributing equally to the litigation expenses would be to enrich the others unjustly at the plaintiff's expense.'" *Hall*, 412 U.S. at 6 (quoting *Mills*, 296 U.S. at 392).

As the Court recognized in its Order, the outcome of this action benefits "the citizens of Arizona—both present and future—[by] having the legality of the Governor's behavior settled." (Doc. 138 at 11:26 to 11:28.) Thus, this litigation has conferred a substantial benefit on an ascertainable class – the citizens of Arizona. In addition, because a fee award against Governor Ducey in his official capacity could be paid out of the State treasury, it would spread the costs of bringing this litigation proportionately among that class.

### III. The Court should award Mr. Pierce taxable costs.

As prevailing party, Mr. Pierce is entitled to be awarded his taxable costs. Fed. R. Civ. P. 54(d)(1). As set out below, his total costs add up to $360.63. To the extent that some of these costs might not regarded as taxable pursuant to 28 U.S.C. § 1920, they should be awarded on the same common-benefit basis as attorney's fees. *See Mills*, 396 U.S. at 392) (awarding attorney's fees and other "litigation expenses").

4

**IV.    The Eleventh Amendment does not preclude awarding attorney's fees.**

The United States Supreme Court has long held that "the substantive protections of the Eleventh Amendment do not prevent an award of attorney's fees against [State] officers in their official capacities." *Hutto v. Finney*, 437 US 678, 691-92 (1978) (awarding fees against state officers to compensate a plaintiff for bad faith litigation tactics, as "ancillary to the federal court's power to impose injunctive relief"). Hence, the Eleventh Amendment does not bar making a fee award here against Governor Ducey in his official capacity.

**V.    It is irrelevant that counsel provided pro bono representation.**

Courts have long recognized that attorney's fees can be awarded to counsel who represent litigants on a pro bono basis – as happened here. *See Cuellar v. Joyce*, 603 F. 3d 1142, 1143 (9th Cir. 2010) ("The fact that Cuellar's lawyers provided their services pro bono does not make a fee award inappropriate."); *Dennis v. Chang*, 611 F. 2d 1302. 1306, n.11 (9th Cir. 1980) ("The award of fees to legal aid offices and other groups furnishing pro bono publico representation promotes the enforcement of the underlying statutes as much as an award to privately retained counsel."). Hence, Mr. Pierce is entitled to the same fee award that would be made if he had paid for legal representation.

**VI.    The fees requested are reasonable.**

Undersigned counsel personally reviewed all billing entries, which were entered into a computerized billing database contemporaneously with the provision of services. (Jacob Declaration ("Jacob"), at ¶¶ 3-4, filed concurrently.)

No attorney's fees invoices were prepared in this matter because, under the terms of the engagement, counsel provided his services pro bono but with an agreement that he would seek a fee award if Mr. Pierce was the prevailing party. (Jacob, at ¶ 5.)

Guidelines for determining the amount of reasonable attorney's fees are stated in *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App. 1983) and Arizona Rule of Professional Conduct E.R. 1.5. Under *China Doll*, "[t]he beginning point in a development of a reasonable fee is the determination of the actual billing rate which

the lawyer charged in the particular matter." *China Doll*, 138 Ariz. at 187, 673 P.2d at 931. But, because there is no fee-paying client here, there were no charges and there should be no presumption that the hourly rate used in this application – $350 – is reasonable.

Arizona E.R. 1.5, however, provides guidelines for a court to consider when determining if an hourly rate is reasonable. These guidelines consider a number of factors as follows:

a. The time and labor required, the novelty and difficulty of the questions involved, and the skills requisite to perform the legal service properly;

b. The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

c. The fee customarily charged in the locality for similar legal services;

d. The amount involved and the results obtained;

e. The time limitations imposed;

f. The nature and length of the professional relationship with the client;

g. The experience, reputation and ability of the attorney performing the services; and

h. Whether the fee is fixed or contingent.

This matter involved an esoteric area of law requiring considerable research and analysis. Mr. Pierce was opposed by multiple counsel including a former Solicitor general of the United States, who appeared to have substantial resources at their disposal. Despite such opposition, Mr. Pierce was able to prevail. In so doing, undersigned counsel expended a modest amount of time given the number of motions that were filed and the number of issues that were contested. Consequently, an hourly rate of $350 is very reasonable.

Undersigned counsel was the only timekeeper who worked on this matter. (Jacob, at ¶ 8.) Thus, there was no potential for duplication of effort. I was also responsible for editing his time in this matter. (Jacob, at ¶ 9.) In so doing, I exercised billing discretion in several respects. For example, if I spent more time on a task than was necessary, or if a

task did not result in useful work-product for the case, I reduced or eliminated the time entry. (Jacob, at ¶ 10.)

*China Doll* suggests that a brief recitation of undersigned counsel's experience is necessary. I have practiced law in Arizona since 2004, after spending a year clerking for Judge Barry Silverman on the Ninth Circuit Court of Appeals. (Jacob, at ¶ 11.) My practice has almost entirely involved commercial litigation with an emphasis on appeals. (Jacob, at ¶ 12.) My time standard billing rate in similar matters is $350 per hour. (Jacob, at ¶ 13.)

In my experience, an hourly rate of $350 is consistent with the fees customarily charged in Phoenix, Arizona, by attorneys with my experience for similar legal services at the times incurred. (Jacob, at ¶ 14.)

The time expended and hourly rate charged here are also reasonable in light of the length and nature of this litigation, which began in 2016 and included the following tasks:

a. Researching the underlying subject matter and body of law.
b. Drafting the Second Amended Complaint and motion for leave to file same.
c. Supervising service on Defendants.
d. Responding to Defendants' efforts at discovery.
e. Drafting an Application for Injunctive Relief with associated statement of fact, exhibits, and declarations.
f. Responding to Defendants' motion to dismiss.
g. Responding to several requests to file amicus briefs.
h. Participation in hearing on the merits of substantive motions where in opposing counsel was former United States Solicitor General.
i. Drafting notices of supplemental authority.
j. Drafting a motion for entry of final judgment after Defendant asserted that the action was mooted.
k. Engaging in settlement negotiations with opposing counsel.
l. Drafting this application for costs and fees.

7

1  (Jacob, at ¶ 15.)

2  The fees requested do not include any charges for using services such as Westlaw
3  or Lexis because undersigned counsel exclusively used free web services such as Google
4  and Google Scholar for research. (Jacob, at ¶ 16.) In so doing, I avoided substantial
5  expenses that could have been included in this fee application. *See Ahwatukee Custom*
6  *Estates Mgmt. Ass'n v. Bach*, 193 Ariz. 401, 973 P.2d 106, ¶10 (1999).

7  The fees here also do not include any time for travel. (Jacob, at ¶ 17.)

8  Lastly, I did not include any fees in this application for which I am seeking or may
9  seek a fee award in the related State court action. (Jacob, at ¶ 18.)

10  The total amount of reasonable attorneys' fee herein requested is **$45,045.00.** (Jacob,
11  at ¶ 19.)

12  The costs incurred were $360.63, which are broken down in the following categories:
13      a.    Filing Fees: $0.00
14      b.    Copies and messenger fees to deliver copies to chambers and clerk:
15          $123.63.
16      b.    Transcripts: $0.00
17      c.    Process server fees: $237.00.
18  (Jacob, at ¶ 20.)

19  The total of Plaintiff's attorneys' fees and costs is **$45,405.63**. (Jacob, at ¶ 21.)

20  Undersigned counsel believes that these fees and taxable costs are reasonable for
21  the reasons explained above. (Jacob, at ¶ 22)

22  **VII.  Conclusion**

23  Plaintiff Michael Pierce respectfully asks the Court to enter an award in his favor
24  and against Defendant for fees and costs totaling **$45,405.63**, incurring post-judgment
25  interest at the statutory rate set by 28 U.S.C. § 1961 until paid.

26  RESPECTFULLY SUBMITTED this 7th day of October 2019.

27
28

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Andrew S. Jacob*
Andrew S. Jacob
2 North Central Avenue, Suite 2200
Phoenix, AZ 85004
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2019, I electronically transmitted the foregoing *Application for Award of Taxable and Non-Taxable Costs and Reasonable Attorney's Fees* with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Dominic E. Draye
Keith J. Miller
Joseph LaRue
Arizona Attorney General Office
Dominic.Draye@azag.gov
Keith.Miller@azag.gov
Joseph.LaRue@azag.gov
*Attorneys for the State of Arizona*

Timothy Berg
Emily Ward
Bret Gilmoren
FENNEMORE CRAIG, P.C.
tberg@fclaw.com
eward@fclaw.com
bgilmore@fclaw.com

and

Anni Lori Foster
OFFICE OF GOVERNOR DOUGLAS A. DUCEY
afoster@az.gov
and

Theodore B. Olson
Matthew D. McGill
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
tolson@gibsondunn.com
mmcgill@gibsondunn.com
*Attorneys for Defendant Governor Douglas A. Ducey*

*s/ Angelina Chavez*