FENNEMORE CRAIG, P.C.
Timothy Berg (No. 004170)
Emily Ward (No. 029963)
2394 E. Camelback Road, Suite 600
Phoenix, AZ 85016-3429
Telephone: (602) 916-5000
Email: tberg@fclaw.com
Email: eward@fclaw.com

GIBSON, DUNN & CRUTCHER LLP
Theodore B. Olson (admitted *pro hac vice*)
Matthew D. McGill (admitted *pro hac vice*)
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 887-3680
Email: tolson@gibsondunn.com
Email: mmcgill@gibsondunn.com

OFFICE OF THE GOVERNOR
Anni Foster (No. 023643)
1700 W. Washington Street
Phoenix, AZ 85007
Telephone: (602) 542-4331
Email: afoster@az.gov

*Attorneys for Defendant*
*Governor Douglas A. Ducey*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Pierce,<br><br>         Plaintiff,<br><br>    v.<br><br>Douglas A. Ducey, in his capacity as Governor of the State of Arizona,<br><br>         Defendant. | No. CV-16-01538-PHX-NVW<br><br>**DEFENDANT GOVERNOR DOUGLAS A. DUCEY'S RESPONSE TO PLAINTIFF'S APPLICATION FOR AWARD OF TAXABLE AND NON-TAXABLE COSTS AND REASONABLE ATTORNEY'S FEES** |

Governor Douglas A. Ducey (the "Governor") opposes Plaintiff Michael Pierce's Application for Award of Taxable and Non-Taxable Costs and Reasonable Attorney's Fees ("Application") (Doc. #140). The Governor does not challenge the *amount* of Pierce's

requested fees. Instead, the Governor challenges Pierce's *ability* to seek attorneys' fees given that (1) federal courts cannot award fees under the private attorney general doctrine, (2) the "common benefit" doctrine cannot apply because there is not a "common fund," and (3) since any fee or cost award against Governor Ducey would be paid from the State of Arizona, it is barred by the State's sovereign immunity. As a result, the Governor respectfully requests that the Court deny Pierce's Application.

## I.    LAW AND ARGUMENT

The "basic point of reference when considering the award of attorneys' fees is the bedrock principle known as the American Rule: Each litigant pays his own attorneys' fees, win or lose, unless a statute or contract provides otherwise." *Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015) (quoting *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010)). Courts depart from the American Rule only in "specific and explicit provisions for the allowance of attorneys' fees under selected statutes." *Id.* (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240, 260 (1975)).

The statute Pierce filed suit under, the Enabling Act, does not provide for an attorneys' fee award. This should end the inquiry as "the law of the United States . . . has always been that absent *explicit* congressional authorization, attorneys' fees are not a recoverable cost of litigation." *Stanton Rd. Assocs. v. Lohrey Enters.*, 984 F.2d 1015, 1018 (9th Cir. 1993) (quoting *Runyon v. McCrary*, 427 U.S. 160, 185 (1976)).

Nevertheless, Pierce relies on the "private attorney general" doctrine, the "common fund" doctrine, and a few selected cases to seek attorneys' fees—none of which apply here. In any event, any attorneys' fees and costs award would be paid for by the State of Arizona, which is entitled to sovereign immunity from any monetary judgment. To the extent Arizona law (specifically, A.R.S. § 12-348) could provide for an attorneys' fees and costs award, that state statute cannot award fees and costs here because this Court's subject matter jurisdiction arises under federal question (not diversity) and none of the seven instances in

§ 12-348 apply to this case.

### A. The Supreme Court Has Squarely Prohibited Federal Courts From Awarding Fees Under The "Private Attorney General" Doctrine.

In *Alyeska*, the United States Supreme Court held that the awarding of attorneys' fees on a "private attorney general" theory, in the absence of express statutory authorization, was not within the equitable jurisdiction of the federal courts. 421 U.S. at 269 (federal courts "are not free to fashion drastic new rules with respect to the allowance of attorneys' fees to the prevailing party in federal litigation"). The reason for this prohibition is simple: Congress has the "power and judgment to pick and choose among its statutes and to allow attorneys' fees under some, but not others." *Id.* at 263. Given that Congress has the ability to provide for fees (and indeed has done so on many occasions[1]), a court's decision that some statutes are sufficiently important (and award fees) and others are unimportant (and deny fees) would defy this congressional authority. *Id.* Because the Supreme Court foreclosed awarding attorney's fees under the private attorney general theory without statutory authorization in *Alyeska*, Pierce cannot rely on the private attorney general doctrine as the basis for his attorneys' fees and costs. *See Californians for Renewable Energy v. California Pub. Utilities Comm'n*, 922 F.3d 929, 942 (9th Cir. 2019) ("the Supreme Court long ago foreclosed awarding attorney fees under the private attorney general theory without statutory authorization").

### B. The "Common Benefit" Doctrine Does Not Apply Here.

Pierce also cites *Hall v. Cole*, 412 U.S. 1 (1973) for the proposition that attorneys' fees can be awarded in cases where a plaintiff's successful litigation confers "a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the

---

[1] Following *Alyeska*, Congress explicitly provided for attorneys' fees for claims brought pursuant to the Civil Rights Attorney's Fees Awards Act of 1976 (42 U.S.C. § 1988(b)), the Fair Labor Standards Act (29 U.S.C. § 216(b)), and others.

subject matter of the suit makes possible an award that will operate to spread the costs proportionately among them." Application at 4. *Hall* has no application here. It involved a former union member that had been expelled from the union for his protests of union management and then filed suit under the Labor-Management Reporting and Disclosure Act to reinstate his union membership. 412 U.S. at 2–4. The court awarded fees to the union member from the union's treasury because the union's membership benefited from the lawsuit's vindication of its members' free speech rights. *Id.* at 6. The "common benefit" theory in *Hall* "requires a "common fund" from which to compensate a plaintiff to spread "the cost of litigation among the beneficiaries of the litigation." *Californians for Renewable Energy*, 922 F.3d at 942.

To be clear, the common fund doctrine "does not shift the fees from the plaintiff to the defendant" as Pierce seeks to do here. *Id.* Instead, it requires a "common fund" that will "shift the costs of litigation" from the plaintiff to the common fund. *Oldfield v. Athletic Cong.*, 779 F.2d 505, 509 (9th Cir. 1985). There is no "common fund" from which to pay Pierce's attorney's fees and costs. The only "fund" even applicable here is the School Trust Fund, which Pierce does not request payment from. He likely could not make such a request anyway given that "[d]istributions from the trust funds **shall be made** as provided in Article 10, Section 7 of the Constitution of the State of Arizona." Arizona Statehood and Enabling Act Amendments of 1999, Public Law No. 106-133, 113 Stat. 1682 (1999) (emphasis added).

Moreover, a proposal to pay Pierce's attorney's fees and costs from the School Trust Fund "raises serious jurisdictional questions" because none of the affected beneficiaries of the School Trust Fund "are parties to this case or have filed similar cases in federal court." *Cantwell v. San Mateo Cty.*, 631 F.2d 631, 639 (9th Cir. 1980). Further, the beneficiaries of the School Trust Fund are so broad that applying the "common fund" exception to the American Rule would "merge the exception into the private-attorney-general concept

rejected in *Alyeska*." *Stevens v. Mun. Court for San Jose-Milpitas Judicial Dist., Santa Clara County, State of Cal.*, 603 F.2d 111, 113 (9th Cir. 1979).

### C. The State Of Arizona's Sovereign Immunity Bars Any Award Of Fees And Costs Against Governor Ducey.

The Eleventh Amendment bars citizens from suing their own states in federal court. *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). As a result, this Court has already dismissed the State from this litigation based on the State's sovereign immunity, leaving only Governor Ducey as the remaining defendant. *See* Doc. #100 ("MINUTE ENTRY for proceedings held before Senior Judge Neil V. Wake: Motion Hearing held on 3/30/2017. The State of Arizona's Motion to Dismiss [Docs. 54 and 62] is granted in part, for lack of jurisdiction under the 11th Amendment. Defendant State of Arizona is dismissed from this action for lack of jurisdiction under the 11th Amendment.").

Any award of attorneys' fees to Pierce, and thus against Governor Ducey, would be paid from the State. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A]a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."). Given that any attorneys' fees award would be paid by the State, it is barred by the State's sovereign immunity under the Eleventh Amendment. *See Edelman*, 415 U.S. at 663 ("[L]iability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."); *Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 857 (3d Cir. 2014) (holding that sovereign immunity also extends to state agents and state instrumentalities "as long as the state is the real party in interest"); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) ("[When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit."). Stated simply, because any award of attorneys' fees and costs against Governor Ducey

would be paid by the State of Arizona, the State's sovereign immunity bars any monetary award.

Pierce cites *Hutto v. Finney*, 437 U.S. 678 (1978) to argue that "the Eleventh Amendment does not prevent an award of attorney's fees against [State] officers in their official capacities." Application at 5. *Hutto* is inapplicable here because the district court in *Hutto* first found bad faith before imposing attorneys' fees, making such fees analogous to civil contempt. 437 U.S. at 691 ("[T]he award of attorney's fees for bad faith served the same purpose as a remedial fine imposed for civil contempt."); *see also id.* at 692 (analogizing the fee award as a "penalty imposed to enforce a prospective injunction"). In fact, *Hutto* emphasized that "compensation was not the sole motive for the award." *Id.* Rather, the Supreme Court quoted the district court, which had explicitly made clear that it would "make no effort to adequately compensate counsel for the work that they have done or for the time that they have spent on the case." *Id.* (quoting *Finney v. Hutto*, 410 F. Supp. 251, 285 (E.D. Ark. 1976)).

Here, in contrast, Pierce has never alleged that the Governor engaged in bad faith, so any award on that basis is improper. *See Californians for Renewable Energy*, 922 F.3d at 941; *see also Assoc. of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc.*, 976 F.2d 541, 550 (9th Cir. 1992) (construing bad faith exception narrowly and directing that an award of attorneys' fees for bad faith "can be imposed only in exceptional cases and for dominating reasons of justice" otherwise the exception "risks conflict with the rationale of the American rule"); *F.T.C. v. Kuykendall*, 466 F.3d 1149, 1152 (10th Cir. 2006) (holding that for "the exceedingly narrow bad faith exception" to the American Rule to apply, "there must be clear evidence that the challenged claim is entirely without color and has been asserted wantonly, for purposes of harassment or delay, or for other improper reasons"). Moreover, Pierce expressly seeks to "compensate counsel for the work that [Jacob has] done" and "for the time that [Jacob has] spent on the case." *Hutto*, 437 U.S. at 691. This

is exactly the type of compensation *Hutto* expressly did not permit.

### D. A.R.S. § 12-348 Does Not Apply.

Though Pierce did not make such a request under A.R.S. § 12-348, this Court made mention of potentially awarding Pierce his attorney's fees for Mr. Jacob's pro bono representation pursuant to A.R.S. § 12-348 should Pierce eventually prevail on the merits. (Doc. #53 (Feb. 7, 2017 Scheduling Hearing on Pierce's Motion for Preliminary Injunction) at 20:7–21:9). This Court cannot award Pierce any attorney's fees under A.R.S. § 12-348.

Setting aside that the State and Governor Ducey are entitled to sovereign immunity in federal court, even if they were not, this Court cannot award attorneys' fees under state law for a federal cause of action. Pierce has not alleged any state law claims to justify awarding attorney's fees under state law.[2] Pierce has always maintained that this Court's subject matter jurisdiction proceeded under a "federal question." *See* Doc. #134 at 1. The Ninth Circuit has held multiple times over that attorneys' fees cannot be awarded under state law for a claim that is exclusively premised on federal question subject matter jurisdiction. *See Disability Law Ctr. of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 940 (9th Cir. 2009) ("In a pure federal question case brought in federal court, federal law governs attorney fees."); *Klein v. City of Laguna Beach*, 810 F.3d 693, 701–02 (9th Cir. 2016) ("Klein was only a prevailing party on his federal claims, and since we address federal, not state claims, the federal common law of attorney's fees, and not state law, is the relevant authority."); *Home Sav. Bank by Resolution Tr. Corp. v. Gillam*, 952 F.2d 1152, 1163 (9th Cir. 1991) ("Resort to state law [for attorneys' fees] is inappropriate in federal question cases when controlling federal common law exists and directly conflicts with the state rule.").

Moreover, there are only seven types of cases where an award of fees against the

---

[2] Pierce's Third Amended Complaint only sought an "injunction" and did even identify a particular cause of action. Doc. #134.

state under A.R.S. § 12-348(A) is permitted—none of which apply here.

| A.R.S. § 12-348(A) | Reason It Does Not Apply |
|---|---|
| 1. A civil action brought by this state or a city, town or county against the party. | Pierce brought this lawsuit—not the State, nor the Governor. |
| 2. A court proceeding to review a state agency decision pursuant to chapter 7, article 6 of this title or any other statute authorizing judicial review of agency, city, town or county decisions. | Pierce challenged Proposition 123 (codified as Ariz. Const. art. X, § 7), which is a state constitutional provision—not a "state agency decision." |
| 3. A proceeding pursuant to § 41-1034. | A.R.S. § 41-1034 provides for a "judicial declaration of the validity of [an administrative] rule" that can only be brought "in the superior court in Maricopa county in accordance with title 12, chapter 10, article 2." |
| 4. A special action proceeding brought by the party to challenge an action by this state or a city, town or county against the party. | The Court briefly suggested that this provision applies to this litigation. (Doc. #53 at 21:5–9). However, again, Proposition 123 is not an "action" by the State and was never brought "against" Pierce. It is part of the Arizona Constitution. Moreover, a "special action" is a state law form of relief that does not apply here given that this Court has federal question (not diversity) subject matter jurisdiction. Finally, a "special action" under Arizona law combines traditional writs (certiorari, mandamus, prohibition), *see* Ariz. Spec. Act. R. 1(a), whereas federal courts are still required to utilize the writs, *see* Federal Rule of Appellate Procedure 21. |
| 5. An appeal by this state to a court of law from a decision of the personnel board under title 41, chapter 4, article 6. | This litigation does not involve the personnel board. |
| 6. A civil action brought by the party to challenge the seizure and sale of personal property by this state or a city, | This litigation does not involve the seizure or sale of personal property. |

| | |
|---|---|
| town or county. | |
| 7. A civil action brought by the party to challenge a rule, decision, guideline, enforcement policy or procedure of a state agency or commission that is statutorily exempt from the rulemaking requirements of title 41, chapter 6 on the grounds that the rule, decision, guideline, enforcement policy or procedure is not authorized by statute or violates the Constitution of the United States or this state. | Again, Pierce challenged Proposition 123 (codified as Ariz. Const. art. X, § 7), which is a state constitutional provision—not a state agency decision. |

## II.  CONCLUSION

For the foregoing reasons, the Governor respectfully requests that the Court deny Pierce's Application (Doc #140).

DATED this 21st day of October, 2019.

                FENNEMORE CRAIG, P.C.

                By *s/ Timothy Berg*
                   Timothy Berg
                   Emily Ward

                OFFICE OF GOVERNOR
                DOUGLAS A. DUCEY
                   Anni Foster

                GIBSON, DUNN & CRUTCHER LLP
                   Theodore B. Olson
                   Matthew D. McGill

                *Attorneys for Defendant*
                *Governor Douglas A. Ducey*

15246675_3