Andrew S. Jacob  (SBN:  022516)
**GORDON REES SCULLY MANSUKHANI, LLP**
2 N. Central Avenue, Suite 2200
Phoenix, AZ 85004
Telephone:  (602) 794-2495
Facsimile:  (602) 265-4716
ajacob@grsm.com
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Pierce; | ) CASE No. CV-16-01538-PHX-NVW |
| *Plaintiff,* | ) |
| vs. | ) PLAINTIFF'S REPLY IN SUPPORT OF ) APPLICATION FOR AWARD OF ) TAXABLE AND NON-TAXABLE |
| Douglas A. Ducey, *et al.,* | ) COSTS AND REASONABLE ) ATTORNEY'S FEES |
| *Defendants.* | ) |

### I.  *Alyeska Pipeline* forecloses making a <u>federal</u> common benefit fee award.

Plaintiff concedes that *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975), forecloses making a federal common benefit award against a state's general fund. *See Stevens v. Mun. Court for San Jose-Milpitas Judicial Dist., Santa Clara County, State of Cal.*, 603 F.2d 111, 113 (9th Cir. 1979) (equating this with non-existent federal private attorney general doctrine). Such awards, however, are available in federal courts as a sanction for bad faith or – in claims arising from Arizona law – based on state private attorney general doctrine.

### II.  The 11th Amendment allows the Court to sanction Governor Ducey.

"[A]n assessment of attorney's fees is undoubtedly within a court's inherent power." *Chambers v. NASCO, Inc*., 501 U.S. 32, 45 (1991). "[A] court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 45 (*quoting Alyeska Pipeline*, 421 U.S. 240 at 257-58). The Eleventh Amendment allows imposition of fees on such basis against State officers. *See*

1

*Hutto v. Finney*, 437 US 678, 691-92 (1978) (awarding fees against state officers to compensate a plaintiff for bad faith litigation tactics).

Governor Ducey violated the Enabling Act in bad faith because the language in the Act requiring prior Congressional approval was clear and because the Governor's argument that this language was no longer in effect bordered on frivolous. Governor Ducey's vigorous defense of his actions was improperly oppressive because he intended to exhaust the efforts of pro bono counsel rather than to prevail on the merits. This is sufficient bad faith to award fees as a sanction without violating the Eleventh Amendment.

### III. Arizona private attorney general doctrine – alternative basis

A federal court cannot award fees pursuant to state common law on a claim that raises a "pure federal question." *See Disability Law Ctr. of Alaska, Inc. v. Anchorage Sch. Dist.*, 581 F.3d 936, 940 (9th Cir. 2009) ("In a pure federal question case brought in federal court, federal law governs attorney fees."). But not every case with federal question jurisdiction raises pure questions of federal law. Rather, "[t]he source of the right sued upon . . . determines whether federal or state law applies." *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 915 (9th Cir. 1980).

Notwithstanding that interpretation of the Arizona Enabling Act raises a jurisdictional federal question, those same questions arise under state law because the Act itself is part of Arizona "organic" state law. *See Kadish v. Arizona State Land Dept.*, 155 Ariz. 484, 486 747 P. 2d 1183, 1185 (1987) ("The full provisions of the Enabling Act became part of the organic, law of this state."). Thus, the Enabling Act claim here arose under Arizona state law yet raised a question of federal law. The Court, therefore, has a basis to award fees pursuant to Arizona common law.

Governor Ducey did not contest that Arizona law incorporates private attorney general doctrine. Thus, he does not contest – if fees can be awarded under Arizona state law – that they can be awarded pursuant to such doctrine. It is appropriate, therefore, for the Court to award fees here based on Arizona's private attorney general doctrine, as an alternative basis to making such an award based on bad faith.

2

## IV. Conclusion

Plaintiff Michael Pierce respectfully asks the Court to grant his application for an award of his taxable and non-taxable costs and reasonable attorney's fees.

RESPECTFULLY SUBMITTED this 23rd day of October 2019.

>	GORDON REES SCULLY
>	MANSUKHANI, LLP
>
>	By: *s/ Andrew S. Jacob*
>	Andrew S. Jacob
>	2 North Central Avenue, Suite 2200
>	Phoenix, AZ  85004
>	*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2019, I electronically transmitted the foregoing *Application for Award of Taxable and Non-Taxable Costs and Reasonable Attorney's Fees* with the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Dominic E. Draye
Keith J. Miller
Joseph LaRue
Arizona Attorney General Office
Dominic.Draye@azag.gov
Keith.Miller@azag.gov
Joseph.LaRue@azag.gov
*Attorneys for the State of Arizona*

Timothy Berg
Emily Ward
Bret Gilmoren
FENNEMORE CRAIG, P.C.
tberg@fclaw.com
eward@fclaw.com
bgilmore@fclaw.com

and

Anni Lori Foster
OFFICE OF GOVERNOR DOUGLAS A. DUCEY
afoster@az.gov
and

Theodore B. Olson
Matthew D. McGill
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
tolson@gibsondunn.com
mmcgill@gibsondunn.com
*Attorneys for Defendant Governor Douglas A. Ducey*

*By:   Angelina Chavez*