IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Pierce,<br><br>    Plaintiff,<br><br>v.<br><br>Douglas A. Ducey, in his capacity as Governor of the State of Arizona<br><br>    Defendant. | No. CV-16-01538-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Attorney Fees (Doc. 140), the response, and the reply. Further briefing is called for.

1. Defendant argues that the Private Attorney General basis of award of fees is not available under federal law. But Plaintiff argues such award is available, not under federal law, but under Arizona law. Defendant does not respond to that contention.

2. Plaintiff argues fees may be awarded under the common fund doctrine, citing federal law. Fees may not be shifted to the School Trust Land fund, as the State may not charge the fund for costs of administering the fund. *See Rumery v. Baier*, 231 Ariz. 275, 278-80, 294 P.3d 113, 116-18 (2013). But may the reciprocal relation between the school lands trust fund and the general fund suffice to warrant award of attorney fees on that basis?

3. Defendant argues that *Hutto v. Finney*, 437 U.S. 678 (1978), holds only that assessment of attorney fees against state officers sued in their official capacity may be collected from state funds only if fees are based on bad faith litigation. In fact, *Hutto* upheld a fee award under both bad faith and 42 U.S.C. § 1988. But the opinion contains

broader language that would apply to all fees assessed against state officers sued in their official capacity. *Id.* at 694-96. *Hutto v. Finney* has been cited 2,629 times. The parties have not cited any lower-court cases that address whether that case holds all attorney fees award against state officers in their official capacity are outside the bar of the Eleventh Amendment, only awards for bad faith or § 1988.

   4. Does the Eleventh Amendment bar fee awards against state officers in their official capacity made under state law (such as for common fund, private attorney general, or A.R.S. § 12-348)?

IT IS THEREFORE ORDERED that the parties file by November 12, 2019, supplemental briefs addressing:

1. Whether Arizona law allows award of attorney fees under the Private Attorney General doctrine.
2. Whether the common fund doctrine is a valid basis for award of attorney fees under federal or Arizona law.
3. If so, whether the benefit to the school land trust fund from this action warrants an award of attorney fees from state funds.
4. What authorities support or reject the contention that *Hutto v. Finney*, 437 U.S. 678 (1978), hold awards of attorney fees against state officers sued in their official capacity are or are not barred by the Eleventh Amendment?

IT IS FURTHER ORDERED setting oral argument for November 19, 2019, at 3:00 p.m. on Plaintiff's Motion for Attorney Fees (Doc. 140).

Dated: October 29, 2019.

_____
Neil V. Wake
Senior United States District Judge